**UNITED STATES DISTRICT COURT**
DISTRICT OF NEW JERSEY

| | |
|---|---|
| CHAMBERS OF<br>**CHRISTINE P. O'HEARN**<br>UNITED STATES DISTRICT JUDGE | MITCHELL H. COHEN BUILDING &<br>U.S. COURTHOUSE<br>4TH & COOPER STREETS<br>ROOM 6050<br>CAMDEN, NJ 08101<br>856-757-5167 |

October 6, 2025

<u>VIA CM/ECF</u>
**Joseph H. Blum**
SHOOK, HARDY & BACON, L.L.P.
Two Commerce Square
2001 Market Street, Suite 3000
Philadelphia, PA 19103

<u>**LETTER ORDER**</u>

Re:   *Aerotek, Inc. v. A. S. T. Construction, Inc.*
      <u>**Civil Action No. 25-11836**</u>

Dear Counsel:

This matter comes before the Court on a Motion for Default Judgment pursuant to Federal Rule of Civil Procedure 55(b)(2) by Plaintiff Aerotek, Inc. ("Plaintiff") against Defendant A.S.T. Construction, Inc. ("Defendant"). (ECF No. 7). The Court did not hear oral argument pursuant to Local Rule 78.1. For the reasons that follow, Plaintiff's Motion is **GRANTED**.

### I.     BACKGROUND AND PROCEDURAL HISTORY

On August 29, 2023, Plaintiff, a Maryland-based staffing services firm, entered into a Services Agreement with Defendant, a New Jersey corporation, to provide supplemental staffing services. (Compl., ECF No. 1 at ¶¶ 1, 4, 15; Swift Aff., ECF No. 7-4 at ¶ 3). Under the Services Agreement, Plaintiff agreed to place contract employees with Defendant, while Defendant agreed to pay Plaintiff for those services on a weekly invoicing basis. (Compl., ECF No. 1 at ¶¶ 16–17; Ex. 1, ECF No. 1-2 at §§ 2.2, 4). The Agreement further provided that invoices not disputed within five business days were deemed accurate and payable in full, that late payments would incur a charge of one percent per month, and that Defendant would be responsible for Plaintiff's collection costs, including attorneys' fees, in the event of default. (Compl., ECF No. 1 at ¶¶ 20–22; Ex. 1, ECF No. 1-2 at §§ 4–5, 7).

Plaintiff provided contract employees to Defendant from February 2024 through September 2024, submitted weekly invoices for those services, and performed fully under the Agreement. (Compl., ECF No. 1 at ¶¶ 18–19, 23, 33; Swift Aff., ECF No. 7-4 at ¶ 5). Despite accepting the staffing services and never disputing the invoices, Defendant failed to pay the outstanding balance. (Compl., ECF No. 1 at ¶¶ 24, 26; Swift Aff., ECF No. 7-4 at ¶ 6). Plaintiff made repeated demands for payment, but Defendant did not satisfy its obligations under the

Agreement. (Compl., ECF No. 1 at ¶ 25; Swift Aff., ECF No. 7-4 at ¶ 6). As of the filing of the Complaint, Defendant owed Plaintiff a principal balance of $228,626.74, plus contractual late fees, in addition to attorneys' fees, costs, and accruing interest. (Compl., ECF No. 1 at ¶¶ 27–28, 35).

As a result, Plaintiff initiated this lawsuit against Defendant on June 16, 2025, asserting claims for breach of contract ("Count I"), account stated ("Count II"), and unjust enrichment ("Count III").[1] (ECF No. 1). Defendant was duly served on June 18, 2025, through its registered agent, Luis Rivera, but failed to answer or otherwise respond. (Blum Cert., ECF No. 7-3 at ¶¶ 5–8). Accordingly, Plaintiff sought an entry of default from the Clerk of Court under Rule 55(a) on July 22, 2025, which was entered the next day. (ECF No. 6). On August 14, 2025, Plaintiff filed the present Motion for Default Judgment. (ECF No. 7).

## II. LEGAL STANDARDS

### A. Default Judgment

Pursuant to Federal Rule of Civil Procedure 55(a), a plaintiff may request an entry of default by the clerk of court as to "a party against whom a judgment for affirmative relief is sought [who] has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise." FED. R. CIV. P. 55(a). Once a default has been entered, the plaintiff may then seek the entry of a default judgment—either by the clerk or the court itself—under Rule 55(b). FED. R. CIV. P. 55(b).

A party is not entitled to a default judgment as of right; "the entry of such a judgment is left primarily to the discretion of the district court." *DirecTV, Inc. v. Asher*, No. 03-01969, 2006 WL 680533, at *1 (D.N.J. Mar. 14, 2006) (citing *Hritz v. Woma*, 732 F.2d 1178, 1180 (3d Cir. 1984)). Because default judgments prevent the resolution of claims on their merits, courts generally "do[ ] not favor entry of defaults and default judgments.'" *United States v. Thompson*, No. 16-00857, 2017 WL 3634096, at *1 (D.N.J. July 20, 2017) (quoting *United States v. $55,518.05 in U.S. Currency*, 728 F.2d 192, 194 (3d Cir. 1984)). When considering a motion for default judgment, "[a] defendant is deemed to have admitted the factual allegations of the Complaint . . . except those factual allegations related to the amount of damages." *DirecTV*, 2006 WL 680533, at *1 (citation omitted). In contrast, "the Court need not accept the moving party's legal conclusions, because even after default it remains for the court to consider whether the unchallenged facts constitute a legitimate cause of action, since a party in default does not admit mere conclusions of law." *Id.* (alterations and quotation omitted) (citation omitted).

Through this lens, the court must: "(1) determine it has jurisdiction both over the subject matter and parties; (2) determine whether defendants have been properly served; (3) analyze the Complaint to determine whether it sufficiently pleads a cause of action; and (4) determine whether the plaintiff has proved damages." *Moroccanoil, Inc. v. JMG Freight Group LLC*, No. 14-5608,

---

[1] Plaintiff's claim for unjust enrichment is pled in the alternative to the breach of contract claim. Because the Court finds that Plaintiff has successfully established liability for breach of contract under Count I, the Court omits further discussion as to Count III.

2015 WL 6673839, at *1 (D.N.J. Oct. 30, 2015) (citing *Chanel, Inc. v. Gordashevsky*, 558 F.Supp.2d 532, 535–36 (D.N.J. 2008); *Wilmington Savings Fund Soc., FSB v. Left Field Props., LLC*, No. 10–4061, 2011 WL 2470672, at *1 (D.N.J. June 20, 2011)).

Additionally, the Court must consider the following three factors: "(1) whether the party subject to default has a meritorious defense, (2) the prejudice suffered by the party seeking default, and (3) the culpability of the party subject to default." *Doug Brady, Inc. v. N.J. Bldg. Laborers Statewide Funds*, 250 F.R.D. 171, 177 (D.N.J. 2008) (citing *Emcasco Ins. Co. v. Sambrick*, 834 F.2d 71, 74 (3d Cir. 1987)). If these factors weigh in a plaintiff's favor, the court may grant default judgment.

### III.    ENTRY OF DEFAULT JUDGMENT

#### A.    Jurisdiction and Service

This Court has subject matter jurisdiction under 28 U.S.C. § 1332 because Plaintiff is a Maryland corporation, Defendant is a New Jersey corporation, and the amount in controversy exceeds $75,000. (Compl., ECF No. 1 at ¶¶ 8, 35). The Court also has specific and general personal jurisdiction over Defendant because it is "at home" here, *Fischer v. Fed. Express Corp.*, 42 F.4th 366, 383 (3d Cir. 2022), and the "controversy is related to or arises out of defendant's contacts with the forum." *Carter Ledyard & Milburn LLP v. Carrascosa*, No. 07-3216, 2010 WL 4609501, at *3 (quotation marks omitted) (quoting *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414 (1984)). Specifically, Defendant is incorporated and maintains its principal place of business in New Jersey, and the claims arise from services rendered in this District. (Compl., ECF No. 1 at ¶¶ 4–5, 9–11).

Additionally, Plaintiff has demonstrated that Defendant was properly served. Under Federal Rule of Civil Procedure 4(h)(1)(B), a corporation may be served by delivering a copy of the summons and complaint to an authorized agent. Here, a qualified process server served Defendant on June 18, 2025, through its registered agent, Luis Rivera, at Defendant's business address in Egg Harbor Township, New Jersey. (Blum Cert., ECF No. 7-3 at ¶ 5). Therefore, service was proper, and the Court has jurisdiction over the matter and the Parties.

#### B.    Liability and Appropriateness of Default Judgment

Turning first to the appropriateness of an entry of default judgment, courts must consider the following three factors: "(1) whether the party subject to default has a meritorious defense, (2) the prejudice suffered by the party seeking default, and (3) the culpability of the party subject to default." *Doug Brady, Inc.*, 250 F.R.D. at 177 (citation omitted).

First, the Court cannot identify on the present record a meritorious defense. Indeed, Plaintiff has provided evidence that Defendant accepted staffing services from February through September 2024, failed to dispute the invoices, and still owes a principal balance of $228,626.74 plus contractual late fees. (Swift Aff., ECF No. 7-4 at ¶¶ 4–5; Ex. 2, ECF No. 7-6). Additionally,

the fact that Defendant has not responded to the Complaint suggests a lack of meritorious defense. *See Piquante Brands Int'l, Ltd. v. Chloe Foods Corp.*, No. 08-4248, 2009 WL 1687484 at *5 (D.N.J. June 09, 2009) ("Obviously, due to Defendant's failure to respond to this litigation in any fashion, the Court cannot discern a meritorious defense on behalf of Defendant.").

Second, Plaintiff will suffer prejudice in the absence of the entry of default judgment as Defendant has failed to pay for staffing services rendered between February and September 2024, has not disputed the invoices, and has ignored Plaintiff's repeated demands for payment. (Swift Aff., ECF No. 7-4 at ¶¶ 5–6). Furthermore, if default judgment is not granted, Plaintiff will be forced to expend further time, effort, and resources attempting to compel Defendant to satisfy its contractual obligations and participate in these proceedings.

Finally, Defendant has acted culpably due to its failure to appear or answer the Complaint, prompting the filing of this Motion. Defendant had notice of the Complaint and did not respond. (Blum Cert., ECF No. 7-3 at ¶¶ 5–8); *see e.g., E.A. Sween Co., Inc., v. Deli Express of Tenafly, LLC*, 19 F. Supp. 3d 560, 575–76 (D.N.J. 2014) ("[T]he Defendant's failure to answer evinces the Defendant's culpability in its default. There is nothing before the Court to show that the Defendant's failure to file an answer was not willfully negligent.") (citations omitted).

As to liability, to bring a breach of contract claim under Maryland law,[2] a plaintiff "must prove that the defendant owed the plaintiff a contractual obligation and that the defendant breached that obligation." *Taylor v. NationsBank, N.A.*, 776 A.2d 645, 651 (Md. 2001). Here, Plaintiff has demonstrated that the parties executed a valid Services Agreement on August 29, 2023, obligating Defendant to pay for staffing services. (Swift Aff., ECF No. 7-4 at ¶ 3). Defendant breached the Agreement by failing to pay $228,626.74 in invoiced staffing services, plus contractual late fees,

---

[2] The Services Agreement provides that it "shall be governed by and construed in accordance with the laws of the State of Maryland." (Ex. 1, ECF No. 1-2 at § 15.16). Accordingly, the Court applies Maryland law to Plaintiff's claims. *See Nuzzi v. Aupaircare, Inc.*, 341 F. App'x 850, 852 (3d Cir. 2009) (citation and quotation marks omitted) ("Generally, when parties to a contract have agreed to be governed by the laws of a particular state, New Jersey courts will uphold the contractual choice if it does not violate New Jersey's public policy.").

despite Plaintiff's repeated demands. (*Id.*). Accordingly, Plaintiff has sufficiently established liability for breach of contract.[3]

For all these reasons, the entry of default judgment is appropriate.

### IV.     **DAMAGES**

Plaintiff seeks damages consisting of (1) the unpaid principal balance of $228,626.74 for staffing services rendered; (2) $31,154.26 in contractual late fees; (3) attorneys' fees and costs in the amount of $12,340.50; (4) pre-judgment interest; and (5) post-judgment interest. (Pl.'s Mot., ECF No. 7-1 at 15–16). Because these amounts are supported by the record and authorized under the Parties' Agreement and applicable law, the Court finds an award appropriate.

First, the Services Agreement expressly provides that Defendant must pay all reasonable attorneys' fees and collection costs incurred by Plaintiff in the event of default. (ECF No. 1-2 at § 7). Contractual fee-shifting provisions are enforceable under New Jersey law. *See Red Roof Franchising, LLC v. AA Hospitality N. Shore, LLC*, 877 F. Supp. 2d 140, 154 (D.N.J. 2012). Plaintiff has submitted competent evidence that it has incurred $12,340.50 in attorneys' fees and costs in connection with this matter, and the Court finds this request reasonable. (Blum Cert., ECF No. 7-3 at ¶ 11).

Second, Plaintiff is entitled to pre-judgment interest. Maryland law applies pursuant to the choice-of-law clause in the Agreement, (ECF No. 1-2 at § 15.16), and under Maryland law, prejudgment interest is recoverable as of right where the obligation to pay and the amount due became certain and liquidated by a date prior to judgment. *See Baltimore Cnty. v. Aecom Servs., Inc.*, 28 A.3d 11, 37 (Md. App. 2011). Because Defendant's payment obligation was fixed under the invoices, Plaintiff is entitled to pre-judgment interest at Maryland's statutory rate of 6% per year. *See* Md. Const., art. III, § 57; *Md. Nat'l Bank v. Cummins*, 588 A.2d 1205, 1219 (Md. 1991).

Finally, Plaintiff is entitled to post-judgment interest. Federal law governs post-judgment interest, and 28 U.S.C. § 1961 mandates that "[i]nterest shall be allowed on any money judgment in a civil case recovered in a district court." *See Dunn v. HOVIC*, 13 F.3d 58, 60 (3d Cir. 1993). Such interest accrues on the entire judgment—including damages, attorneys' fees, and pre-

---

[3] While Plaintiff does not brief the issue, the Court also notes that Plaintiff appears to have established liability for Count II as well, which requires "an admission that the stated sum of money constitutes a present existing debt. Such admission need not be express, but may be inferred. Thus, under appropriate circumstances, a failure within a reasonable time to object to the correctness of a stated sum may be regarded as an admission of liability." *Baltimore Cnty. v. Archway Motors, Inc.*, 370 A.2d 113, 117 (Md. App. 1977) (citation omitted). Here, Plaintiff has demonstrated that it regularly submitted invoices to Defendant for staffing services provided from February through September 2024, totaling $228,626.74, and that Defendant never disputed those invoices. (Swift Aff., ECF No. 7-4 at ¶ 5).

judgment interest—at the federal statutory rate from the date judgment is entered until satisfied. *See United States v. G&C Fab-Con, LLC*, No. 21-1533, 2024 WL 4356306, at *16 (D.N.J. July 22, 2024).

Accordingly, the Court will enter judgment in favor of Plaintiff in the amount of $228,626.74 in unpaid principal, $31,154.26 in contractual late fees, $12,340.50 in attorneys' fees and costs, plus pre-judgment interest at 6% per annum, and post-judgment interest pursuant to § 1961.

## V.     CONCLUSION

Therefore, for the reasons expressed above, it is ordered that Plaintiff's Motion for Default Judgment is **GRANTED**. (ECF No. 7). It is further **ORDERED** that judgment is entered in favor of Plaintiff and against Defendant in the total amount of $272,121.50, consisting of the following: (1) $259,781.00 in actual damages; (2) pre-judgment interest accruing at 6% pursuant to applicable Maryland law; (3) contractually owed attorneys' fees and costs in the amount of $12,340.50; and (4) post-judgment interest at the federal statutory rate upon Plaintiff's entire judgment award, including the principal amount, attorneys' fees and costs, and pre-judgment interest.

**SO ORDERED**.

*Christine A. O'Hearn*

**CHRISTINE P. O'HEARN**
**UNITED STATES DISTRICT JUDGE**